ACCEPTED
03-14-00806-CR
4872883
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/14/2015 12:29:44 AM
JEFFREY D. KYLE
CLERK

## No. 03-14-00806-CR

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/14/2015 12:29:44 AM
JEFFREY D. KYLE
Clerk

DELANE DUMAS

Defendant – Appellant

vs.

THE STATE OF TEXAS

Plaintiff – Appellee

On Appeal from the County Court at Law
Number Five of Travis County, Texas
Hon. Nancy Wright Hohengarten Presiding
Trial Court Cause No. C-1-CR-13-219171

APPELLANT'S REPLY BRIEF

Gregory Sherwood
Attorney
P.O. Box 200613
Austin, Texas 78720-0613
(512) 484-9029
Email: gsherwood@mail.com
State Bar No. 18254600

Court-Appointed Attorney on
Appeal for Delane Dumas

## Table of Contents

Table of Contents ................................................................ i

Index of Authorities ........................................................ ii

Conclusion and Prayer for Relief ................................... 4

Certificate of Service ...................................................... 5

Certification of Compliance ........................................... 5

## Index of Authorities

Rules

Tex. R. App. P. 9.4(i)(1) ................................................................ 5

Tex. R. Evid. 403 ................................................................ 2, 3

# No. 03-14-00806-CR

---

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

---

DELANE DUMAS

Defendant – Appellant

vs.

THE STATE OF TEXAS

Plaintiff – Appellee

---

On Appeal from the County Court at Law
Number Five of Travis County, Texas
Hon. Nancy Wright Hohengarten Presiding
Trial Court Cause No. C-1-CR-13-219171

---

APPELLANT'S REPLY BRIEF

---

TO THE HONORABLE THIRD COURT OF APPEALS:

NOW COMES DELANE DUMAS, who files Appellant's Reply Brief, and respectfully states as follows:

Footnote 2 at pages 5-6 (pdf 10-11) of the State's Brief states in part that appellant's counsel has mistaken the female voice at the beginning of State's Ex. 4 as a second 911 caller when it is actually the voice of a Hays

1

County dispatcher transferring a 911 call to the Travis County dispatcher. This attorney has listened again to State's Ex. 4, which starts with the male Travis County 911 operator announcing, "Austin 911, do you need police, fire or EMS?" and a female voice responding, "Hays County with a transfer for a reckless driver," then identifying the vehicle's location. Appellant's counsel now realizes that this voice is a Hays County dispatcher, not a second 911 caller, and apologizes for the error. Any references in Appellant's Brief to a second or female 911 caller should actually be read as a reference to a Hays County dispatcher. This error does not change the fact, however, that the jury knew more about Mr. Dumas' driving than the arresting officer did that evening, since the officer did not hear the text of the Hays County dispatcher's message that the jury heard. Appellant's Brief at 11 (pdf 19). State's Ex. 4 should not have been admitted at trial.

The State argues that Mr. Dumas' trial counsel did not make a Tex. R. Evid. 403 objection to State's Ex. 4 because his statement of "unfair prejudice" was pertaining to a confrontation objection only, and therefore this error is unpreserved. State's Brief at 7-9 (pdf 12-14). Appellant respectfully disagrees, and contends that trial counsel's sentence, "I think there is a very high danger of unfair prejudice, given the fact that these

2

people are going to give just one rendition, without the jury hearing the whole story[,]" RR vol. 3, p. 59 (pdf 61), l. 3-16, is not limited to a confrontation objection only, but can also be interpreted as a Rule 403 objection.

Finally, the State's Brief argues at pages 21-22 (pdf 26-27) that "the detaining officer had reasonable suspicion independent of the detailed information relayed in the 9-1-1 call[,]" because "[Officer] Eberhardt saw Dumas swerving within his own lane, failing to use a turn signal, and inexplicably exiting and re-entering the highway late one Saturday night[,]" citing RR vol. 3, pp. 22-23. Failing to use a turn signal was not a traffic violation for the reasons stated by the trial court, and discussed at pages 20-21 (pdf 28-29). The State's Brief fails to acknowledge this mistake of law by Officer Eberhardt. As for the argument that appellant "inexplicably exit[ed] and re-enter[ed] the highway late one Saturday night," this is easily explained by a driver taking an exit from the highway too soon, and then re-entering the highway to take a later exit.

The traffic stop in this case was extremely weak, as the traffic violation Officer Eberhardt believed had occurred did not, because a turn signal was not required when appellant re-entered the highway from the

dedicated lane just past the Holly Street exit, and because appellant used his turn signal to exit the highway at the Holly Street exit. Officer Eberhardt did not observe appellant driving 90 miles per hour as stated in the 911 transferred call on State's Ex. 4. The portion of the video showing appellant driving within one lane, but never crossing that lane into another lane, cannot be a basis for the stop, for that is not a traffic violation. The traffic stop was invalid, and the video evidence obtained as a result of the stop – the field sobriety tests, the search of the vehicle which revealed an almost empty flask containing drops of liquid smelling like alcohol, and appellant's statements after the stop, should not have been presented to the jury.

Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, appellant DELANE DUMAS respectfully prays that this court sustain one or both of the issues presented, reverse the judgment of conviction and sentence, and remand this case to the trial court for further proceedings.

Respectfully submitted,

/s/ *Gregory Sherwood*

GREGORY SHERWOOD
Attorney
P.O. Box 200613
Austin, Texas 78720-0613
(512) 484-9029
Email: gsherwood@mail.com
State Bar No. 18254600

Court-Appointed Attorney on
Appeal for Delane Dumas

Certificate of Service

I hereby certify that a true copy of this document was served on April 14, 2015 by email upon Assistant County Attorney Giselle Horton, Travis County Attorney's Office, at the following email address: giselle.horton@traviscountytx.gov.

/s/ *Gregory Sherwood*

Certification of Compliance

According to the WordPerfect program used to create this document, there are 686 words in this brief, excluding the portions listed in Tex. R. App. P. 9.4(i)(1).

/s/ *Gregory Sherwood*

5